**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARNALDO D'ALFANSO and<br>LIBUSA D'ALFANSO,<br><br>                    Debtors.<br><br>LUISA BERISTAIN,<br><br>                    Plaintiff,<br><br>v.<br><br>ARNALDO D'ALFANSO and<br>LIBUSA D'ALFANSO,<br><br>                    Defendants. | Case No. 2:05-bk-17843-PC<br><br>Chapter 7<br><br>Adversary No. 2:08-ap-01568-PC<br><br>**MEMORANDUM DECISION RE:<br>MOTION TO ALTER JUDGMENT<br>OR IN THE ALTERNATIVE, FOR<br>A MOTION TRIAL (*9023 MOTION*)**<br><br>Date:  March 29, 2011<br>Time:  9:30 a.m.<br>Place: United States Bankruptcy Court<br>        Courtroom # 1539<br>        255 East Temple Street<br>        Los Angeles, CA 90012 |

Before the court is the motion of Plaintiff, Luisa Beristain to alter the Judgment entered in the above referenced adversary proceeding on February 18, 2011 ("Judgment") or, in the alternative for a new trial ("Motion"). Having considered the grounds for reconsideration stated in Plaintiff's Motion in light of the court's findings of fact and conclusions of law stated orally and recorded in open court at the trial of the adversary proceeding on February 18, 2011, which form the basis for the Judgment, the court dispenses with oral argument and denies the relief requested in the Motion based upon the following findings of fact and conclusions of law[1] made pursuant to F.R.Civ.P. 52(a)(1),[2] as incorporated into FRBP 7052, and applied to contested

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

[2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse

matters by FRBP 9014(c).

## I. STATEMENT OF FACTS

On April 12, 2005, Arnaldo D'Alfanso and Libusa D'Alfanso ("Defendants") filed their voluntary petition for relief under chapter 7 of the Bankruptcy Code. The deadline to object to the Defendants' discharge or to the non-dischargeability of a particular debt expired without a complaint being filed. Defendants received a discharge on January 6, 2006. The trustee filed a report of no assets on April 14, 2006, and the case was closed on April 21, 2006.

On January 31, 2008, Defendants filed a motion to reopen their bankruptcy case for the sole purpose of amending Schedule F to add certain creditors holding unsecured non-priority claims on the petition date. The case was reopened on April 4, 2008, and Defendants filed an amended Schedule F listing Plaintiff as the holder of an unliquidated unsecured non-priority claim in the amount of $0.00.[3]

On June 30, 2008, Plaintiff filed her complaint in this adversary proceeding alleging fraud in conjunction with her purchase of certain real property from the Defendants in 2003 and seeking a determination that her claim for damages in an undetermined amount attributable to

---

Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P.").

[3] There was no need to reopen the case. In In re Beezley, 994 F.2d 1433 (9th Cir. 1993), the Ninth Circuit held that bankruptcy court's denial of a debtor's motion to reopen a no-asset 7 case to add an omitted creditor was not an abuse of discretion. In a no-asset chapter 7 case in which no claims bar date is ever set, all prepetition debts are discharged, whether scheduled or unscheduled. Because no deadline is set for the filing of claims, the time for filing a proof of claim does not expire and lack of notice to a creditor does not deprive the creditor of the opportunity to file a timely proof of claim. **All debts, other than those falling within § 523(a)(2), (4) or (6) are discharged.** If the debt falls within § 523(a)(2), (4) or (6), the debt is not discharged by virtue of § 523(a)(3)(B). Scheduling makes no difference in the outcome. Reopening does not extend the time to file complaints to determine dischargeability. Either the creditor had actual, timely notice of the case or not.

-2-

such fraud was non-dischargeable under § 523(a)(2)(A).[4] Plaintiff's complaint was dismissed for want of prosecution at a status conference on August 26, 2008, but no order of dismissal was entered after the status conference. Notwithstanding the dismissal, Defendants filed an answer to the complaint on September 5, 2008. The adversary proceeding languished until July 16, 2009, at which time Plaintiff filed a motion seeking to set aside the dismissal. According to Plaintiff's counsel, the motion was granted by the court and the dismissal was set aside upon Plaintiff's payment of the sum of $3,000 to Defendants for attorneys fees and costs. These facts are not evident from the docket. No order was entered granting Plaintiff's motion and vacating the dismissal. Nor was there any significant activity in the adversary proceeding after the dismissal was vacated until August 23, 2010.[5]

On December 21, 2010, counsel for Plaintiff and Defendants attended a status conference in the adversary proceeding. Based on the representations of counsel at the status conference, the court set the matter for trial at 10:00 a.m. on February 18, 2011. On December 22, 2010, an Order Setting Trial Date and Establishing Procedures for the Conduct of Trial ("Trial Order") was entered in the adversary proceeding setting deadlines for the exchange and filing of witness declarations, exhibits, and a joint pre-trial order. The Trial Order specifically provided, in pertinent part:

    1.    Trial dates are not continued or vacated absent good cause, on noticed motion, supported by competent evidence.[6]

    2.    Not later than 4:00 p.m. on **February 11, 2011**, all such witness declarations and exhibits, together with any written objections to the admission of any exhibit or to

---

[4] At this point, Plaintiff should have alleged that her debt was non-dischargeable by virtue of § 523(a)(3)(B).

[5] By Administrative Order 10-09 dated August 11, 2010, the adversary proceeding was transferred from Judge Samuel L. Bufford to Judge Peter H. Carroll.

[6] Trial Order, 1:16-17.

-3-

any of the declarations or any portion thereof, must be lodged with chambers.[7]

3. The parties must prepare and file a written joint pre-trial order pursuant to LBR 7016-1(b) through (f) not later than **February 11, 2011**.[8]

4. Not later than **February 11, 2011**, counsel for Plaintiff must telephone the judge's law clerk [(213) 894-4185] and report (a) whether the parties intend to go forward with trial as scheduled; (b) if settlement is likely; (c) whether the time reserved for trial is realistic; and (d) any other relevant information.

Stipulations for settlement must be in writing executed by each party or their counsel and delivered to chambers before the date of trial.

If time restraints prevent reducing a settlement to writing prior to trial, all the parties, or their counsel, must (a) advise chambers of the settlement and (b) appear at the time set for trial to recite the stipulation on the record.

Failure to comply with this order may result in the imposition of sanctions . . . .[9]

Notwithstanding the specific provisions of the Trial Order, Plaintiff filed a document entitled "Notice of Settlement; Request to Take Trial Off Calendared; Request for OSC Re Settlement" ("Notice") on January 24, 2011. In the Notice, Plaintiff stated that the parties had settled the claims made the basis of Plaintiff's complaint "wherein the plaintiff shall take a stipulated judgment of $100,000.00 against both defendants, which amount is stipulated to be non-dischargeable."[10] Plaintiff requested "that the trial be taken of calendared" and that "an OSC re Settlement be set in 30 days," and represented that the settlement documents would be finalized and filed with the court "within 30 days of the date of [the] notice."[11] On January 27, 2011, the court left Plaintiff's counsel a voice mail message at the telephone number given on the Notice referring Plaintiff's counsel to the settlement provisions of the Trial Order and advising

---

[7] Id., 3:20-22.

[8] Id., 5:2-3.

[9] Id., 5:9-18.

[10] Notice, 1:25-26.

[11] Id., 1:27 - 2:2.

-4-

Plaintiff's counsel that trial would not be taken off calendar nor would the court set an OSC regarding settlement.

The witness declarations, exhibits, and joint pre-trial order were not filed with the court on or before February 11, 2011, as required by the Trial Order. Plaintiff did not file a motion for continuance in accordance with the Trial Order nor did Plaintiff's counsel contact the court by February 11, 2011, regarding the status of the adversary proceeding, as required by the Trial Order. On February 17, 2011, the court left another voice mail message with Plaintiff's counsel stating that the adversary proceeding would be dismissed if there was no appearance at trial and the terms of the settlement were not dictated into the record by the parties or their counsel, as required by the Trial Order. Later that day, Plaintiff filed a Declaration of Luisa Beristain for Trial on Nondischargeable Debt and Declaration of John Fu, Esq. For Trial on Nondischargeable Debt and Settlement.

On February 18, 2011, the matter came on for trial. There was no appearance by or on behalf of the Defendants. After a trial on the merits, the Judgment was entered dismissing the adversary proceeding with prejudice. Plaintiff now seeks reconsideration of the Judgment.

## II. DISCUSSION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (I), (L) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

A. Standard for Reconsideration Under Rule 9023

Rule 9023 makes Rule 59(e) of the Federal Rules of Civil Procedure applicable in bankruptcy cases. FRBP 9023. Rule 59(e) authorizes the filing of a motion to alter or amend a judgment not later than 14 days after entry of the judgment. F.R.Civ.P. 59(e). Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). In

the Ninth Circuit, "'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Kona Enters., 229 F.3d at 890 (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). Reconsideration may also be granted "as necessary to prevent manifest injustice." Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

In this case, the Judgment was entered on February 18, 2011. Plaintiff's motion was filed on February 28, 2011 – within 14 days of entry of the Judgment. Plaintiff's motion is timely under Rule 9023. Plaintiff's motion does not allege newly discovered evidence nor an intervening change in controlling law. Nor does Plaintiff's motion allege that reconsideration is necessary to prevent manifest injustice. Plaintiff alleges the Judgment should be vacated because "the case was settled between parties for $100,000.00, nondischargeable debt and, in the alternative, Plaintiff did establish her prima-facie case for nondischargeable debt at trial on February 18, 2011."[12]

B. The Adversary Proceeding Was Not Settled Between Plaintiff and Defendants.

With respect to the first grounds for reconsideration, the court properly proceeded to a trial on the merits of the claim made the basis of Plaintiff's complaint because the adversary proceeding was not settled on the date of trial. Plaintiff argues, in effect, that she was prejudiced by her counsel's detrimental reliance on settlement discussions with Defendants' counsel:

> By initiating settlement talk, entering into a settlement and later on leaving a telephone message on plaintiff's counsel's phone, defense counsel and defendants knew or should have known that plaintiff would rely upon the promise. And indeed plaintiff did rely upon the promise to settle, for she would have timely filed all declarations and evidence had defendants not proposed a settlement.[13]

---

[12] Motion, 2:2-4.

[13] Id., 5:4-8.

A settlement of disputed claims is not effective unless the material terms of the settlement are reduced to writing and signed by the parties to the settlement, or the material terms of the settlement agreement are dictated into the record and the parties state their intention to be bound by the agreement on the record.[14] The Trial Order stated specifically that "[s]tipulations for settlement must be in writing executed by each party or their counsel and delivered to chambers before the date of trial" or "[i]f time restraints prevent reducing a settlement to writing prior to trial, all the parties, or their counsel, must (a) advise chambers of the settlement and (b) appear at the time set for trial to recite the stipulation on the record."[15]

Plaintiff had notice that the matter would go to trial on February 18, 2011, absent a settlement of the claims made the basis of the complaint documented in accordance with the Trial Order. This was not done. Plaintiff ignored the specific terms of the Trial Order and failed to either timely submit witness declarations, exhibits, and other documents required by the Trial Order or to properly document an alleged settlement of the claims made the basis of the

---

[14] California state law applies to the issue of the validity of a settlement. In re Rains, 428 F.3d 893, 901 (9th Cir. 2005) (citing Houston v. Holder (In re Omni Video, Inc.), 60 F.3d 230, 232 (5th Cir.1995) (holding that the validity of settlements in bankruptcy cases is best resolved by reference to state contracts law)). An oral agreement made in open court on the record as to the material terms is a binding agreement. See Doi v. Halekulani Corp., 276 F.3d 1131, 1134 (9th Cir. 2002). "The principles of contract formation are the same in both the settlement and the nonsettlement context." Terry v. Conlan, 131 Cal.App.4th 1445, 1458, 33 Cal.Rptr.3d 603 (2005). "In order for acceptance of a proposal to result in the formation of a contract, the proposal must be sufficiently definite, or must call for such definite terms in the acceptance, that the performed promised is reasonably certain." Weddington Prod., Inc. v. Flick, 60 Cal.App.4th 793, 811, 71 Cal.Rptr.2d 265 (1998) (citation omitted). "In particular, a provision that some matter shall be settled by future agreement, has often caused a promise to be too indefinite for enforcement." Id. at 812, 71 Cal.Rptr.2d 265. "[M]any settlements are reached by an initial agreement on the goals of the settlement. However, agreement to the goals alone may not result in a judicially enforceable settlement agreement." Terry, 131 Cal.App.4th at 1458 n.3, 33 Cal.Rptr.3d 603. "Here, the parties' assenting to the goals of the settlement, without agreeing to the means that were material to the settlement, demonstrates that the parties never formed an enforceable contract." Id. at 1459, 33 Cal.Rptr.3d 603.

[15] Trial Order, 5:13-17.

complaint in accordance with the Trial Order. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel, without peril.'... Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."). Plaintiff's culpable conduct does not form the basis for reconsideration of the Judgment entered in the adversary proceeding.

C. The Court Properly Dismissed Plaintiff's Complaint for Failure to Establish a Prima Facie Case for Non-Dischargeability.

Plaintiff argues that she established a prima facie case for the non-dischargeability of her debt because she produced some evidence and there was no evidence to the contrary, i.e., "[t]his was [] a one sided fight."[16] Plaintiff argues that the court erred in dismissing the complaint because the admissible evidence supported a finding that Defendants sold Plaintiff a house that had "a history of water leakage problems," Defendants knew about it, and "[t]he nondisclosure led [Plaintiff] to purchase . . . a defective house at $675,000."[17]

Plaintiff's evidence at trial consisted of the declarations of Plaintiff and her attorney, John Fu. Plaintiff was not present for trial. Because the Defendants did not appear for trial, the court waived the requirement under the Trial Order that Plaintiff be present and subject to cross-examination and accepted Plaintiff's declaration into evidence for its full probative value.[18] In her declaration, Plaintiff testified in pertinent part:

2. In or about 2003, I purchased a property located at 436 S. Gibson Court, Burbank,

---

[16] Motion, 5:16.

[17] Id., 6:1-1; 17.

[18] However, the court gave no weight to the faxed copy of the document entitled "Declaration of Adrian Mercado" dated February 21, 2008, attached as an exhibit to Plaintiff's declaration. The document was hearsay. Nor did the court give weight to the other exhibit attached to Plaintiff's declaration which was a document purporting to be pages 1 and 5 of a complaint filed in Case No. NCC26601B, D'Alfonso v. J.C.C. Enterprises, in the Superior Court of California, County of Los Angeles, on February 15, 1985. The document was unauthenticated and incomplete.

-8-

California from defendants D'Alfonsos. At no time before or during the sale had I been informed that the property had water leakage problems.

3. As a result of the non-disclosure, I purchased the property for $675,000. I would never have done that had I known that the property had major water leakage problems.

4. Then beginning in 2005, there were severe and continuing water floodings and leakage in the subject property. In fact, the leakage was so severe such that the water would fill up a standard recycling bucket within 30 minutes. The leakage was continuous.[19]

The concealment or omission of material facts that a party has a duty to disclose can support the nondischargeability of a debt on the grounds of actual fraud. In re Apte, 96 F.3d 1319, 1323-24 (9th Cir. 1996). A "concealed fact" is material if "a reasonable man would attach importance to the alleged omissions in determining his course of action." In re Miller, 310 B.R. 185, 196 (Bankr. C.D. Cal. 2004). The nondisclosure of a material fact in the face of a duty to disclose establishes the requisite reliance and causation for actual fraud under the Bankruptcy Code. Apte, 96 F.3d at 1323.

In this case, there was no evidence at trial establishing the nature and extent of the alleged water leakage problems that existed on the subject property at the time of the sale in 2003. Plaintiff's testimony was limited to a description of water flooding and leakage beginning in 2005. Based on such evidence, Plaintiff sought damages of $300,000 for relocation to a new house and $1.2 million for complications due to severe chronic ashma. Given the dearth of evidence regarding alleged flooding and leakage prior to the sale in 2003, the court was unable to make a finding that Defendants' knew material facts about existing water flooding and leakage on or in the subject property prior to the sale, that they had a duty to disclose those facts to the Plaintiff at the time of the sale, and that they failed to disclose such facts despite a duty to do so.

Finally, the court declines to permit Plaintiff to continue litigation of this claim in the state court. The Defendants have received a discharge and Plaintiff is prohibited by the discharge injunction from further proceeding in state court. The court has determined the merits of

---

[19] Declaration of Luisa Beristain for Trial on Nondischargeable Debt, 1:24 to 2:3.

Plaintiff's non-dischargeability claim, and the Defendants' bankruptcy case has been closed.

Reconsideration under Rule 9023 is not intended to give a litigant a "second bite at the apple." See In re Christie, 222 B.R. 64, 67 (Bankr. D.N.J. 1998) (citation omitted); see also Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th Cir. 1994) ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."); U.S. v. Carolina E. Chem. Co., 639 F. Supp. 1420, 1423 (D.S.C. 1986) ("A party who failed to prove his strongest case is not entitled to a second opportunity by moving to amend a finding of fact or a conclusion of law."); In re Hillis Motors, Inc., 120 B.R. 556, 557 (Bankr. D. Haw. 1990) (Rule 59 does not "give a disappointed litigant another chance."(citation omitted)).

### III. CONCLUSION

For the reasons stated, Plaintiff's motion will be denied.

A separate order will be entered consistent with this memorandum.

DATED: March 10, 2011

PETER H. CARROLL
United States Bankruptcy Judge

| In re: | CHAPTER: |
|---|---|
| Debtor(s). | CASE NUMBER: |

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) MEMORANDUM DECISION RE: MOTION TO ALTER JUDGMENT OR IN THE ALTERNATIVE, FOR A MOTION TRIAL (9023) MOTION was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 03/10/11, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- William Malcolm    bill@mclaw.org
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 9021-1.1